1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                          **DISTRICT OF NEVADA**
6                                  * * *
7   JIM O. MCKENZIE, JR.,                    Case No. 2:17-cv-02752-RFB-BNW
8               Plaintiff,                              **ORDER**
9         v.
10  NANCY A. BERRYHILL, Acting
    Commissioner of Social Security
11  Administration,
12              Defendant.
13
14  **I.      INTRODUCTION**
15          Before the Court is Plaintiff Jim McKenzie's Motion for Remand, ECF No. 15, and
16  Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 18.
17          For the reasons discussed below, the Court finds that the ALJ's decision is not free of legal
18  error. The Court grants Plaintiff's Motion for Remand and denies Defendant's Cross-Motion to
19  Affirm.
20
21  **II.     BACKGROUND**
22          On June 9, 2013, Plaintiff completed an application for disability insurance benefits
23  alleging disability since April 1, 2012. AR 19. Plaintiff was denied initially on January 21, 2014
24  and upon administrative reconsideration on August 29, 2014. AR 19. Plaintiff requested a hearing
25  before an Administrative Law Judge ("ALJ") and appeared on March 3, 2016. AR 19. In an
26  opinion dated May 10, 2016, ALJ Cynthia R. Hoover found Plaintiff not disabled. AR 19–29.
27  The Appeals Council denied Plaintiff's request for review on September 1, 2017, rendering the
28  ALJ's decision final. AR 1–3.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a)(4). At step one, that ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date, April 1, 2012, through his date last insured, March 31, 2015. AR 21. At step two, the ALJ found that Plaintiff has the following severe impairments: anxiety disorder, morbid obesity, and avascular necrosis of the left hip. AR 21–22. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 22–23.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), except that he is unable to climb ladders, ropes or scaffolds but occasionally climb ramps and stairs, stoop, kneel and crouch; he needs to avoid concentrated exposure to hazards such as heights; and he is able to perform unskilled work with no contact with public and only occasional contact with coworkers and supervisors. AR 23–27. Based on this RFC, the ALJ found at step four that Plaintiff was unable to perform his past relevant work as a security guard. AR 27. At step five, the ALJ found that Plaintiff could perform jobs such as light industrial bench hand (D.O.T. #702.684-026), addresser (D.O.T. #209.587-010), and electric assembler (D.O.T. #729.687-010). AR 28.

## III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

///

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step five. At step five, the ALJ determines based on the claimant's RFC whether the claimant can make an adjustment to substantial gainful work other than his past relevant work. 20 C.F.R. § 404.1520(g).

## IV.    DISCUSSION

The Court finds that the ALJ erred as a matter of law by failing to accurately incorporate the opinion of Brett Valette, Ph.D., in Plaintiff's RFC. The ALJ acknowledged that Dr. Valette's opinion was consistent with the record as a whole and stated that she gave his opinion great weight. However, the ALJ failed to incorporate Dr. Valette's findings into Plaintiff's RFC and instead adopted a contrary finding without a specific and legitimate reason. An adoption of Dr. Valette's opinion would preclude a finding that Plaintiff could sustain any substantial gainful work.

Because Dr. Valette is an examining doctor, the ALJ could only reject Dr. Valette's contradicted opinion "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012. To the extent the ALJ disagrees with the conclusion of an examining doctor, an ALJ "must do more than state conclusions. He must set

///

forth his own interpretations and explain why they, rather than the doctors', are correct." Id. (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)).

Here, the ALJ provided no reasons, much less specific and legitimate reasons, for discounting any aspect of Dr. Valette's opinion. The ALJ detailed Dr. Valette's findings, including the finding that Plaintiff "is unable to interact appropriately with supervisors, coworkers and the public." AR 26. The ALJ gave this opinion great weight "because it is consistent with the record as a whole." AR 26. However, the ALJ found that Plaintiff could not have contact with the public but nevertheless found that Plaintiff was capable of "occasional contact with coworkers and supervisors," AR 24, in direct contradiction to Dr. Valette's opinion that Plaintiff was incapable of appropriately engaging in such contact. The ALJ was not permitted to find an RFC contrary to Dr. Valette's opinion without providing specific and legitimate reasons supported by substantial evidence and explaining why her interpretation of the medical evidence, rather than Dr. Valette's, was correct.

The Ninth Circuit has established that where no outstanding issues need be resolved, and where the ALJ would be required to award benefits on the basis of the record if the claimant's testimony were credited, the Court will take the claimant's testimony as true and remand for an award of benefits. Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir. 1988). The Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.

The Court finds that the record has been fully developed and further administrative proceedings would serve no useful purpose. The Court further finds that, for the reasons stated earlier in this order, the ALJ has failed to provide sufficient reasons for rejecting Dr. Valette's finding that Plaintiff could not interact appropriately with supervisors, coworkers and the public.

Lastly, the Court finds that if the improperly discredited evidence were credited as true, Plaintiff would be necessarily found disabled on remand. Because Plaintiff cannot interact appropriately with supervisors and coworkers, Plaintiff necessarily cannot sustain substantial gainful work. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 604 (9th Cir. 1999) (noting that the "regulations emphasize" that "ability to interact appropriately with people in a work environment" is a "prerequisite[ ] for engaging in work activity"); Jajo v. Astrue, 273 F. App'x 658, 661 (9th Cir. 2008) (unpublished) (remanding for an award of benefits where the ALJ failed to credit the medical opinion that, in part, the claimant's ability to interact appropriately with coworkers was "poor to none"). Given such an extreme limitation, the Court does not find that a different outcome is possible if the Court were to remand for additional vocational evidence. The Court finds that there can be no unskilled work in the national economy that could be sustained with an inability to interact appropriately with a supervisor, coworkers and the public. Any potential work would require at least some level of supervision and interaction—interaction which the claimant, unfortunately, is "unable" to do because of her severe impairments.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 15) is GRANTED and Defendant's Cross-Motion to Affirm (ECF No. 18) is DENIED.

**IT IS FURTHER ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for an award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED:** May 13, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**